IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **BRYAN L. WRIGHT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 3:20-CV-878-RAH-CSC |
| | ) (WO) |
| | ) |
| **REGINALD LOGAN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed on October 28, 2020, by Bryan L. Wright, challenging actions which he alleges occurred at Russell County Detention Center, in Phenix City, Alabama, when he was incarcerated there on October 13, 2020. (Doc. 1). Specifically, he claims that the Defendant prison guards used excessive force against him and treated him with deliberate indifference by withholding his lunch and medical attention for his injuries resulting from the excessive force used against him. *Id.* at pp. 2-3. Plaintiff names as Defendants Reginald Logan, Jeremiah Shay, Officer Thomas, Officer Osburn, Officer Huffman, and Officer Messer. *Id.* at p. 2. Plaintiff does not state whether he sues the Defendants in their individual or official capacities. He seeks monetary damages. *Id.* at p. 4.

The Defendants filed a special report, as supplemented, (Doc. 22, Exs. 1-11; Doc. 24, Ex. 1 and Doc. 25, Exs. 1 and 2), which included relevant evidentiary materials, specifically affidavits

---

[1] All documents and attendant page numbers cited herein are those assigned by the clerk of this court in the docketing process.

and prison documents addressing the claims presented by Wright. In these documents Defendants deny using excessive force against Plaintiff and deny they treated him with deliberate indifference. Defendants also claim that Wright failed to exhaust his administrative remedies pursuant to Russell County Jail's grievance procedure and as a result the merits of his claims are not properly before the court for review. Indeed, the Prison Litigation Reform Act ("PLRA") requires that "inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit." *Jones v. Bock,* 549 U.S. 199, 202 (2007). Thus, the Defendants argue that because the Russell County Jail utilizes a grievance procedure and the Plaintiff failed to follow the procedures through the appeal process, he has failed to exhaust his administrative remedies and his claims are barred. *Id.*

After reviewing the special reports and exhibits, the court issued an order on March 15, 2021, requiring Wright to file a response to the Defendants' special report, supported by affidavits or statements made under penalty of perjury and other evidentiary materials. (Doc. 23). This order specifically cautioned that the Defendants raised the issue of Plaintiff's failure to exhaust and directed Plaintiff to respond to this claim. *Id.* at pp. 1-2. The order specifically stated that if Plaintiff "**asserts exhaustion of the jail's administrative procedures, he must submit relevant evidentiary materials in support of this assertion which demonstrates his <u>proper and full exhaustion</u> of the applicable grievance procedure. His mere conclusory allegation of exhaustion will be insufficient to defeat the defendants' defense and supporting evidentiary materials.**" *Id.* at p. 5.

Further, the order advised that "**unless within fifteen (15) days from the date of this order a party . . . presents sufficient legal cause why such action should not be undertaken**.

2

. . the court may at any time [after expiration of the time for the plaintiff filing a response to this order] and **without further notice to the parties** (1) treat the special reports and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is proper and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law." *Id.* at p. 4.  Wright filed a response to this order.  (Doc. 27). Pursuant to the directives of the order entered on March 15, 2021, the court now treats the Defendants' special report, as supplemented, as a motion to dismiss and concludes that it is to be granted on Plaintiff's claims arising out of the October 13, 2020, incident.

## II.  FACTS

Plaintiff claims that on October 13, 2020, a little before noon, he was denied his lunch and then maced in the mouth and face when he protested, after which he was shoved into a room and left alone suffocating for 30 minutes.  (Doc. 1 at p. 3).  He alleges that as a result he "suffered a collapsed lung, a massive heart attack and had to be brought back to life by officers."  *Id.*  He further claims that he was denied medical treatment until 7:30 pm that day and that he was never sent to the emergency room.  *Id.*  The Defendants specifically deny these allegations.  (Doc. 22, Exs. 1-11; Doc. 24, Ex. 1 and Doc. 25, Exs. 1 and 2).

The Defendants also raised the defense of exhaustion in this action.  The Russell County Grievance policy provides as follows:

> An inmate wishing to resolve a problem must submit an inmate grievance electronically within 15 days of the incident.  Inmates are allowed to file a grievance when they have been subjected to:
>
> A criminal act by another inmate, A prohibited act by a staff member, Abuse, Harassment, Abridgement of civil rights, Denial of privileges without just cause.

3

> All grievance inquiry's {sic} must be directed to the Detention Director and should include the date, time, names of all persons involved, and all pertinent details of the incident including the names of any witnesses. Grievances are promptly and thoroughly investigated and a follow up report will be issued to the inmate. An inmate who files a grievance that is determined to be fabricated is subject to disciplinary action.
>
> If you are not satisfied with the first answer to your grievance, you may send an appeal to next higher command level (Assistant Detention Director) within 15 days of the first response. You may continue to send it through the chain of command, up to the sheriff, who will make the final decision on any appellate issues involving grievance. Revised 2/7/18

(Doc. 22-11 at p. 12).

In his response to the Defendants' Special Report, Plaintiff filed an affidavit in which he states as follows:

> Plaintiff also affirms that he filed a grievance with the officials at the Russell County Jail before he filed his 1983 complaint and Plaintiff affirms that he also appealed his grievance on the kiosk and was told that (he already had his chance) By: Sgt Hood. Plaintiff affirms that he did try to exhauste {sic} the required remedies befor {sic} filing his 1983 complaint. Plaintiff affirms that his grievance appeals or appeal has been altered in the Russell County Jail kiosk.

(Doc. 27 at p. 4). The records from the Russell County Jail kiosk confirm that on October 14, 2020, Plaintiff filed a grievance stating the following:

> On October 13, at lunch time Officer logan refused to give me my food. He then called advised the supervisor on the radio advised him I refused my food, which was not true. I've never refused my food. Its to hard in here to refuse food in here. Ultimately ended up me be sprayed by Officer Shay for nothing and 30 days in the room, may you all please turn over my situation.

(Doc. 22-9 at p. 53). The kiosk records confirm a response from SGT Schroder to Plaintiff on October 15, 2020, as follows:

> You did not sign to have a hearing. You were given multiple orders to go in your room in which you refused to close the door by holding it open.

4

*Id.* The kiosk records also confirm that other than inquiries about his remaining disciplinary time resulting from the October 13, 2020, incident, Plaintiff filed no other grievances against the prison personnel he alleges were involved. (Doc. 22-9 at pp. 43-104). Additionally, the court's independent review of the record indicates that Plaintiff filed no appeals from the October 14 grievance. Indeed, other than his unsupported conclusory statements, Plaintiff has presented no evidence of any attempts by him to utilize the Russell County Jail grievance and appeals process beyond the kiosk records. (Doc. 27).

### III. DISCUSSION

**A. EXHAUSTION**

The Defendants raise the defense of exhaustion in this action. In addressing the requirements of 42 U.S.C. § 1997e as to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal

5

of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). Furthermore, the law is well-settled that "the question of exhaustion under the PLRA [is] a threshold matter that [federal courts must] address before considering the merits of the case. Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept*., 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotation marks omitted) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) and *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)). The court will therefore "resolve this issue first." *Myles*, 476 F. App'x at 366.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion." *Myles*, 476 F. App'x at 366 (internal quotation marks omitted) (citing *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535 (internal citations omitted). Based on the foregoing, the Eleventh Circuit specifically

rejected the argument that "disputed facts as to exhaustion should be decided by a jury [or other factfinder]." *Id*.

Upon review of the complaint, the Defendants' special report and the undisputed evidentiary materials filed in support thereof and the Plaintiff's response to the special report, the Court concludes that the Defendants' motion to dismiss is due to be granted for the Plaintiff's failure to exhaust his claims of deliberate indifference and excessive force. *See, Leal,* 254 F.3d at 1279. It is undisputed that Russell County Detention Center had a grievance procedure in place which included appellate remedies. (Doc. 22-11 at p. 12). It is also undisputed that other than the October 14 grievance recorded on the kiosk, which failed to set forth specific allegations of Defendants' actions against him, Plaintiff never filed any other grievance concerning the October 13 incident, nor did he utilize the appeals process. (Docs. 27 and 22-9 at pp. 43-104). Accordingly, the Court concludes that the Plaintiff's deliberate indifference and excessive force claims must be dismissed because the Plaintiff failed to exhaust these claims via the prison's grievance procedure. *See Leal*, *id*..[2]

## V. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

1. The Defendants' motions to dismiss be **GRANTED** on each of Plaintiff's claims;

2. Judgment be entered in favor of the Defendants;

---

[2] In *Leonard v. Parker*, 2019 WL 2060942 (M.D. Ala May 5, 2019), the undersigned, exercising jurisdiction based on the parties' consent pursuant to 28 U.S.C. 636(c), dismissed Plaintiff's action for excessive force based upon Plaintiff's failure to exhaust the grievance procedures of the Russell County Detention Center in Phenix City, Alabama, where he was incarcerated.

3. This action be **DISMISSED** with prejudice;

4. No costs be taxed.

On or before **January 23, 2024**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this 9th day of January, 2024

    /s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE